It is conceded that when plaintiff was employed by the defendant in 1942 plaintiff was suffering from a congenital condition, a grade-1 spondylolisthesis, a condition which allows the vertebrae in the spinal column to slip back and forth on one another. This condition however, did not prevent plaintiff from doing hard manual labor. It is conceded by the majority opinion that plaintiff, in July, 1943, suffered an accident which caused a slip of the fifth lumbar vertebra on the first segment of the sacrum of about one centimeter. This accident incapacitated plaintiff for a period of about four weeks and when he returned to work he was given lighter work than he had been doing prior to the injury. However, the record discloses that soon after his return to work, plaintiff returned to hard manual labor and performed his duties satisfactorily, though at times in pain, up to and until April, 1947.
Plaintiff testified that on April 27, 1947, he was in a stooping position working on a pump and that when he straightened up he struck his head on an overhead valve stem which resulted in a cut approximately one-half to three-fourths of an inch in length, and "wrenched" his "body around to kind of protect" himself and when he did he "really hurt then, his hips". He hurt so badly that he forgot about his head. He made it to the first aid station and reported the accident and complained of his back.
The accident was witnessed by a fellow-employee, Leland Reeves, who corroborated the plaintiff in his testimony. Plaintiff is also corroborated as to his back paining him by Warren Cox, the male attendant at the first aid station.
It appears that the majority of this court do not lay any stress on the happening of this accident in the aggravation of the preexisting condition of plaintiff's back. The opinion seems to discount the fact that the accident of April 27, 1947, caused any injury to plaintiff's back because plaintiff made no complaint of back injury to his fellow employee Reeves and only complained to Cox of "pain coming from his back" and the further fact that plaintiff did not give a history of an injury to his back to Dr. Girard on May 8, 1947, and only informed the doctor of the accident of July, 1943.
As to the witness Reeves, he was only questioned as to the manner in which the accident happened and the resultant effects. He was not questioned as to what plaintiff said about the results. According to this witness, the blow plaintiff received on his head "kind of jarred him down".
The witness Cox testified that the plaintiff complained to him, prior to treatment for the head injury, that he was suffering pain coming from his back. He did not question plaintiff any further.
As to Dr. Girard, he was asked to give the history as given to him by plaintiff. He was not questioned as to whether plaintiff made any complaint of any accident happening in April, 1947. It was just as reasonable to believe that plaintiff informed the doctor of the accident of April, 1947, and the doctor did not make a note of it as to find it strange that the doctor only made a note of the accident of 1943.
It is conceded in the majority opinion that the medical testimony in this case is that any one suffering from the congenital condition that plaintiff had could injure his back merely by the ordinary every-day movement of the body and that it would only take an infinitesimal movement of the vertebra to pinch the nerve and cause pain and that the X-ray would not necessarily show such a small displacement. According to witness Reeves, as stated supra, the blow plaintiff received on his head "kind of jarred him down". This is certainly in line with human reaction of being hit on the head; that is, a tendency to stoop down. This is also in substantiation of plaintiff's testimony that he "wrenched his body around to kind of protect himself." Dr. Girard states in his deposition that the accident *Page 209 
of April 1947 "was a competent producing cause of the aggravation of the condition found in the region of Mr. Long's back." This is supported by the other medical testimony in the record.
The plaintiff testified that the pains, after the accident of April, 1947, increased to such an extent that he was forced to discontinue working. His wife testified that when plaintiff returned home on the evening of the accident he was pale and suffering more than usual. Both testified that the pains kept getting worse. The fact remains that prior to the accident of April, 1947, plaintiff performed his duties satisfactorily to his employer; thereafter he had to quit.
Considering these facts, I am of the firm opinion that plaintiff has borne the burden of proof and has established that the accident of April, 1947, had aggravated a preexisting condition. It appears to me that such was also the conclusion of the trial judge. His judgment should be affirmed.